O P I N I O N
Defendant-appellant Donald L. Slorp appeals from a judgment and decree of divorce. Mr. Slorp contends that the trial court abused its discretion by awarding spousal support, because the award is in excess of his ability to pay. Mr. Slorp further contends that the trial court erred in awarding Ms. Slorp $1,350 towards her attorneys' fees because he is in no better position than she to pay attorneys fees.
Upon our review of the entire record, we conclude that the trial court did not abuse its discretion in awarding spousal support or attorneys' fees. Therefore, the judgment of the trial court is Affirmed.
 I
The parties were married in 1984, and have one child, Sara Renee Slorp, born July 24, 1989. In 1998 Ms. Slorp brought this divorce action.
During the pendency of the divorce action, an interim order was entered requiring Mr. Slorp to pay Ms. Slorp attorneys fees in the amount of $1,000. A hearing before a magistrate resulted in a decision awarding custody of the child of the parties to Ms. Slorp, and awarding child support in the amount of $260 per month. The award of custody and child support was adopted by the trial court as part of the judgment and decree of divorce, and is not contested on appeal.
Following a hearing before the trial judge, a divorce decree was entered. Besides awarding a custody and child support in accordance with the decision of the magistrate, the trial court divided the assets and liabilities of the parties, ordered Mr. Slorp to pay Ms. Slorp spousal support in the amount of $250 per month for five years, and ordered Mr. Slorp to make the payment of $1,000 towards Ms. Slorp's attorneys fees required by the interim order, plus an additional $350 towards her attorneys fees. From the judgment and decree of divorce, Mr. Slorp appeals.
 II
Mr. Slorp's First Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE MONTHLY SPOUSAL SUPPORT PAYMENTS OF $260.00 FOR A PERIOD OF FIVE YEARS.
The spousal support award in this case was $250 per month, for five years, not $260. The latter figure in Mr. Slorp's First Assignment of Error appears to be a typographical error.
Both parties had modest income. Mr. Slorp contends that he should not be ordered to pay spousal support because he cannot afford to do so. He cites Fletcher v. Fletcher (August 24, 1992), Montgomery App. No. 12942, unreported, for the proposition that a spousal support award must balance the obligee's need for support against the obligor's ability to pay. As Mr. Slorp recognizes, the Fletcher case involved a situation in which the obligor spouse had an annual income in excess of $1,000,000. Ability to pay was not an issue in that case.
In the case before us, both parties have modest income. Mr. Slorp has an annual income of $19,760; Ms. Slorp has an annual income of $13,520. Under these circumstances, balancing Mr. Slorp's ability to pay against Ms. Slorp's need for support really involves balancing both parties' need for income to support themselves. This is not a case where either party could possibly hope to get rich at the expense of the other.
The trial court calculated that Ms. Slorp and Sara would have about $15,500 annually to live on, after taking into consideration Ms. Slorp's income, child support, spousal support, and income taxes. The trial court calculated that Mr. Slorp would have about $9,500 to live on, considering his income, child support, spousal support and income taxes.
Mr. Slorp challenges the accuracy of the trial court's calculations, contending that Ms. Slorp will have a net income of $17,700, and Mr. Slorp, after making an additional deduction of $598 for medical insurance for the minor child, which he is required to provide, will have an annual income of about $8,700 per year. Mr. Slorp does not favor us with his calculation.
We have made our own calculation, which we have appended hereto. By our calculation, Ms. Slorp would have an annual net income of $17,476, Mr. Slorp $9,972. However, the decree also requires that Ms. Slorp pay the first $100 of uninsured medical expense for the child. Based upon our experience we consider it virtually certain that that much annual uninsured medical expense will be incurred for the child. Furthermore, Ms. Slorp has the expense of raising Sara. Mr. Slorp argues that the trial court should not have considered that, but the theory of awarding child support assumes that the parent having custody of the child has an expense of raising that child, which is to be shared, ratably, with the noncustodial parent. The child support in the case before us was calculated based upon the assumption that Mr. Slorp's share of the expense of raising Sara represents 59% of the total. Based upon that assumption, the total annual expense of raising Sara is $5,288, and it, along with the $100 of uninsured medical expense, which Ms. Slorp is required to pay, should be deducted from her net income before comparing the net income of the parties. This leaves a net income for Mr. Slorp of $9,972, and for Ms. Slorp in the amount of $12,088. Although there is some disparity, we are not prepared to say that the trial court abused its discretion in balancing the needs of the parties in this manner. It should be noted that the award of spousal support is not permanent, but only continues for a period of five years. At the end of this period, Sara will be fourteen years old, so that Ms. Slorp's expense of raising Sara will be far from over.
Based upon the record in the case before us, we cannot say that the trial court erred or abused its discretion in finding that Ms. Slorp is in need of spousal support. Furthermore, although we might not have balanced the needs of the parties, respectively, for income to support themselves in quite the same way, we are not prepared to say that the trial court abused its discretion in fashioning the spousal support award in this case.
Mr. Slorp's First Assignment of Error is Overruled.
 III
Mr. Slorp's Second Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES.
To begin with, it should be noted that although the trial court, as part of the judgment and decree of divorce, ordered Mr. Slorp to make a contribution to Ms. Slorp's attorney fees in the amount of $1,350, it only ordered that amount to be paid at the rate of $10 per month. Thus, Mr. Slorp will have over eleven years to pay this amount. We cannot say that the trial court ignored Mr. Slorp's modest income in finding that he was able to pay $1,350 over an eleven-year period.
Mr. Slorp also contends that the trial court erred in making any award of attorney fees because the trial court found that the fact that Mr. Slorp made the payment required by the interim order in the amount of $1,000 did not prevent Ms. Slorp from being adequately represented. Mr. Slorp cites the following passage, in the trial transcript, in support of his argument:
 mr. tye [representing ms. slorp]: your honor, before he begins [cross-examining ms. slorp], I'd like to raise this issue. The Court's interim order regarding payment of attorneys fees case. The magistrate will not allow the parties to proceed or present evidence in this case if the award has not been paid in full. I suppose that could be interpreted in a number of ways, limiting him only to his presentation of the case in chief.
 Whether or not that goes to cross-examination, I don't know, but I want to raise the issue now before I waive it.
THE COURT: Okay.
 MR. KUNS [Representing Mr. Slorp]: Your Honor, if — before you would exclude my client from presenting any evidence, I would respectfully request an opportunity to have him explain his circumstance, and why he has not paid that order, paid that thousand dollars, or invite the Court to inquire if it pleases.
 THE COURT: Let's get on the record first, whether or not Mr. Slorp's paid for his own legal expenses.
MR. KUNS: Not entirely, you Honor.
THE COURT: Okay. How much has he paid so far?
MR. KUNS: About thirteen —
THE DEFENDANT: And that was on a —
MR. KUNS: That's enough.
 THE COURT: Umm, so with the superior income, Mr. Slorp paid — would pay his own attorney fees, but feels he can't afford to pay any of the plaintiff's?
 MR. KUNS: That's correct, your Honor. The — I was — he paid what he paid. He paid this one lump sum sometime ago, and hasn't been able to make any additional payments, through — up until — I guess it was September. He was living at the marital residence, and trying to maintain that property, and was paying rent of approximately $900 a month there.
 And with his income, of — I believe it's about 250 a week, just did not — said he did not have the money to pay that thousand dollar award.
 THE COURT: That would only be an income of $13,000. I believe the magistrate found a couple of weeks ago he's making nineteen.
MR. KUNS: That was take home, your Honor.
 THE COURT: Oh, I see. So that's the net out of the gross, net of about 20,000?
THE DEFENDANT: Lower than that. It's lower than that.
MR. KUNS: What's the hourly rate?
 THE DEFENDANT: Nine fifty (9.50) an hour. And on top of that, the child support has doubled.
MR. KUNS: Just —
 THE COURT: Nine fifty (9.50) is $19,760 which is exactly what the Magistrate used. Well, I'm certainly not happy that the Court's temporary order hasn't been paid, and if this matter — if the wife had chosen to set the matter down for contempt hearing today, Mr. Slorp might be in the position of facing some jail time for having failed to pay the temporary support order as required.
 He's been able to pay more than the temporary order to his own attorney, but has not come up with a penny with what the Court ordered, nor has he presented any excuse or motion why that order shouldn't stand.
 But I'm going to find — find that the — find that the underlying issue of whether or not that prevents the wife from being adequately represented today, and it appears that that does not prevent her from being adequately represented at this point in time. While we may deal with that issue in a different manner, I won't impose the sanction of prohibiting the defendant from presenting evidence.
In context, it is clear that the trial court was deciding whether to bar Mr. Slorp from presenting evidence at the hearing, as a sanction for his failure to have made the payment of attorneys' fees required by the interim order. The trial court essentially found that Ms. Slorp had not been prejudiced, at the hearing, because she appeared to be adequately represented at the hearing.
In its decree, the trial court made the following finding of fact and conclusion of law:
 The court finds that the plaintiff is in need of support, including a contribution to her legal fees, as she does not have the ability to provide all of her own legal representation in this action, based on her income earning ability and assets. The court further finds that the defendant has the ability to provide such support.
 Thus, pursuant to R.C. 3105.18(H), the court concludes that it would be inequitable to plaintiff and the denial of her right to full representation if the court failed to make an award of attorney fees and legal expenses to her for litigation of this action, through and including any attorney fee assessment hearing. The court recognizes that defendant is responsible for paying 100% of his own attorney fees and litigation expenses. Therefore the court orders defendant to pay plaintiff $350 of her reasonable and necessary attorney fees and legal expenses for trial of this matter, in addition to the $1,000 interim attorney fee award which defendant never paid. This sum is in addition to the $300 for the custody evaluation expenses which the magistrate previously assessed against defendant. Therefore, the sum of $1,350 shall be established as a spousal support arrearage, and is ordered paid at the rate of $10 per month.
R.C. 3105.18(H) requires "a trial court, in determining whether to award reasonable attorney's fees, to determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
In our view, the trial court did not abuse its discretion when it determined that Ms. Slorp did not have the ability to provide all of her own legal representation, without assistance from Mr. Slorp. We do not view that determination as being inconsistent with the determination that the trial court made, during the hearing, that it was not necessary to bar Mr. Slorp from presenting evidence at the hearing, as a sanction for having failed to comply with the interim attorney fee award. The determination whether to impose this draconian sanction involves considerations different from determining whether to require Mr. Slorp to make a contribution towards his wife's attorneys fees in the modest amount of $10 per month.
In conclusion, we find that the trial court did not abuse its discretion in making the award of attorneys' fees. Mr. Slorp's Second Assignment of Error is Overruled.
 IV
Both of Mr. Slorp's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN, J., and WOLFF, J., concur.
Copies mailed to:
Timothy N. Tye
Patricia E. Slorp
Elizabeth J. Henley
Hon. V. Michael Brigner
APPENDIX
 NET INCOME CALCULATION MR. SLORP MS. SLORP
Gross Income $19,760 13,520
Adj. For Spousal Support -3,000 + 3,000
Adj. Gross Income 16,760 16,520
Federal Income Tax — 1,271 — 934
FICA — 1,512 — 1,034
Medicare -287 -196
Post-Tax Income 13,690 14,356
Adj. For Child Support - 3,120 + 3,120
10,570 17,476
Less Medical Ins. Prem. -598 - 0 -
9,972 17,476
Less 1st $100 Medical for Child — 0 — -100
Less Exp. Of Raising Child* - 0 - -5,288
Net Income $ 9,972 $12,088
MR. SLORP MS. SLORP
Federal Income Tax Calculation
Adj. Gross Income $16,760 $16,520 Standard Deduction -4,250 -6,250
12,510 10,270
Average Annual Exemption** -4,050 -4,050
8,460 6,220
Income Tax 1,271 934
*Assumes that support payment represents 59% share of total expense of raising child, as assumed by statutory guideline calculation.
** The decree provides that the parties shall take the $2,700 exemption for Sara in alternate years.